## Milliard Saint CARPENTER, Appellant,

v.

## STATE of Missouri, Respondent.

### No. ED 88240.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 27, 2007.

Kristina Starke, St. Louis, MO, for Appellant.

Shaun J. Mackelprang, Richard A. Starnes, Jefferson City, MO, for Respondent.

Before GEORGE W. DRAPER III, P.J., GARY M. GAERTNER, SR., J., and ROBERT G. DOWD, JR., J.

## ORDER

PER CURIAM.

Milliard S. Carpenter (hereinafter, "Movant") appeals from the motion court's judgment denying his post-conviction motion pursuant to Rule 29.15 without an evidentiary hearing. Movant was convicted of two counts of forgery, Section 570.090 RSMo (2000),[1] two counts of misdemeanor stealing, Section 570.030, and one count of misdemeanor possession of drug paraphernalia with intent to use, Section 195.233. The jury acquitted Movant of a second count of misdemeanor possession of drug paraphernalia with intent to use. Movant was sentenced to fifteen years' imprisonment for each of the forgery convictions and one year imprisonment for each of the misdemeanor convictions, all sentences to run concurrently. This Court affirmed Movant's conviction on appeal. *State v. Carpenter,* 143 S.W.3d 705 (Mo.App. E.D.2004).

Movant raises three points on appeal. Movant claims in his first two points that the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing in that he received ineffective assistance of counsel when defense counsel failed to: (1) object to the admission of evidence and statements that were the subject of Movant's pretrial motion to suppress; and (2) obtain a transcript of the motion to suppress hearing in order to use it to impeach a witness' testimony with prior inconsistent statements. Movant's third point alleged the motion court erred in refusing to appoint new counsel after Movant alleged a justifiable dissatisfaction and/or irreconcilable conflict of interest with trial counsel.

We have reviewed the briefs of the parties and the legal file and find the motion

---

**1.** All statutory references are to RSMo (2000), unless otherwise indicated.

court's decision was not clearly erroneous. Rule 29.15(k). An opinion reciting the detailed facts and restating the principles of law would have no precedential value. We have, however, provided a memorandum opinion for the use of the parties only setting forth the reasons for our decision.

The judgment is affirmed pursuant to Rule 84.16(b).